**NOT FOR PUBLICATION**

```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
                                  :
IRIS LOPEZ,                       :  CIVIL ACTION NO. 05-4509 (MLC)
                                  :
     Plaintiff,                   :  MEMORANDUM OPINION
                                  :
     v.                           :
                                  :
COMMISSIONER OF SOCIAL            :
SECURITY,                         :
                                  :
     Defendant.                   :
                                  :
```

**COOPER, District Judge**

The plaintiff, Iris Lopez ("plaintiff"), applies for judicial review of the final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Dkt. entry no. 1.) The Court has jurisdiction pursuant to 42 U.S.C. § ("Section") 405(g). The Court, for the reasons stated herein, will affirm the Commissioner's decision.

### BACKGROUND

The plaintiff filed a claim for SSI payments and DIB on April 2, 2002. (A.R. at 15.) The plaintiff claimed that she was unable to work beginning on August 20, 2001, due to neck, back, shoulder and knee injuries, and depression. (Id.) The claims were denied initially and on reconsideration, and the plaintiff filed a timely request for a hearing before an administrative law judge on November 21, 2003. (Id. at 49.) Administrative Law

Judge Joseph A. Pachnowski ("ALJ") conducted a hearing on January 12, 2005, in which the plaintiff was represented by her attorney, Robert Ryan.  (Id. at 15.)  The plaintiff, who does not speak English proficiently, testified on her own behalf with the assistance of a Spanish language interpreter.  (Id.)

The ALJ issued a decision on April 27, 2005, finding that the plaintiff "was not under a 'disability' as defined in the Social Security Act, at any time through the date of the decision."  (Id. at 21.)  The ALJ found that, inter alia, (1) plaintiff's "degenerative disc disease, status post lumbar laminectomy, internal derangement of the right knee, status post arthroscopic surgery, right shoulder impingement and depression are considered 'severe' based on the requirements in the Regulations 20 C.F.R. §§ 404.1520(c) and 416.920(c)," (2) plaintiff's "medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4," of the Code of Federal Regulations ("CFR"), (3) plaintiff's "allegations regarding [her] limitations are not totally credible for the reasons set forth in the body of the decision," (4) plaintiff "has the following residual functional capacity: lift and carry up to 20 pounds occasionally, ten pounds on a regular basis, and can sit, stand or walk for up to six hours of an eight hour day," (5) plaintiff "has certain nonexertional limitations, in that she is unable . . . to perform complex tasks, and is unable to maintain attention and

concentration for an extended period of time," (6) plaintiff's "past relevant work as cleaning crew supervisor did not require the performance of work related activities precluded by her residual functional capacity, either as she described the work in testimony, or as it is performed in the national economy (DOT 323.687-014) (20 C.F.R. §§ 404.1565 and SSR 82-61), and (7) plaintiff's "medically determinable exertional and nonexertional impairments would not prevent the claimant from performing her past relevant work." (A.R. at 21.)

The ALJ concluded that the plaintiff was "not entitled to a period of disability, Disability Insurance Benefits, and not eligible for Supplemental Security Income payments under Sections 216(i), 23, 1602, and 1614(a)(3)(A) respectively, of the Social Security Act." (Id. at 22.) The plaintiff requested review of the ALJ's decision by the Appeals Council on June 21, 2005. (Id. at 11.) The Appeals Council denied the plaintiff's request for review on July 12, 2005. (Id. at 7-10.) The plaintiff applied for review here on September 12, 2005. (Dkt. entry no. 1).

## DISCUSSION

### I.   Standard Of Review

The Court may review a "final decision of the Commissioner of Social Security" in a disability proceeding. 42 U.S.C. § 405(g). The Court may affirm, modify, or reverse the Commissioner's decision with or without remanding the case for a rehearing. Id. However, this judicial review is limited. The Court must affirm

3

the Commissioner's decision regarding disability benefits if an examination of the record reveals that the findings of fact are supported by substantial evidence.  Id.; Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003).  "Substantial evidence" in the context of a social security matter is defined as less than a preponderance of the evidence but "more than a mere scintilla," i.e., such evidence "as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971).  This standard "is deferential and includes deference to inferences drawn from the facts if they, in turn, are supported by substantial evidence."  Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999).

The Court, despite the deference given to administrative decisions, "retain[s] a responsibility to scrutinize the entire record and to reverse or remand if the . . . decision is not supported by substantial evidence."  Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).  Furthermore,

> [a] single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence - particularly certain types of evidence (e.g., that offered by treating physicians) - or if it really constitutes not evidence but mere conclusion.

Kent v. Schweiker, 710 F.3d 110, 114 (3d Cir. 1983).  "That the record contains evidence which could have supported a different conclusion does not undermine" the Commissioner's decision

provided that the record contains substantial evidence supporting that decision. Rivera v. Shalala, No. 94-2740, 1995 WL 495944, at *3 (D.N.J. July 26, 1995). The Commissioner is required, however, to address and reconcile medical evidence that would support a contrary conclusion. Schaudeck, 181 F.3d at 434-35.

**II.  Determining Eligibility For Disability Benefits**

The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is determined to be disabled if the individual's "physical or mental impairment or impairments are of such severity that [the individual] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. at § 423(d)(2)(A).

An ALJ employs a five-step process in determining whether a person is "disabled." In the first step, the ALJ determines whether the claimant is currently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(I). If the claimant is so engaged, the ALJ will find that the claimant is not disabled and the application for disability benefits will be denied. Id. at

§ 404.1520(b). If the claimant is not employed, the ALJ will consider the medical severity and duration of the claimant's impairment or combination of impairments in the second step. Id. at § 404.1520(a)(4)(ii). A "severe impairment" is one that significantly limits the claimant's physical or mental ability to do basic work activities, including, inter alia, (1) sitting, lifting, and speaking, (2) responding appropriately to supervision and co-workers, and (3) understanding, carrying out, and remembering instructions. Id. at §§ 404.1521(a)-(b), 416.921(a)-(b). A claimant who does not meet this requirement is not disabled. Id. at § 404.1520(c). In essence, the second step requires a threshold-level demonstration of severe impairment without consideration of the claimant's age, education, and work experience. Bowen v. Yuckert, 482 U.S. 137, 153 (1987).

If the claimant shows severity, the ALJ then moves to the third step to determine whether the impairment is listed in section 20, part 404, subpart P, appendix 1 of the CFR. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment meets or equals a listed impairment, the claimant is presumed to be disabled, and the evaluation ends at this stage. Id. at § 404.1520(d). If the impairment does not meet or equal a listed impairment, the ALJ proceeds to step four. Id. at § 404.1520(a)(4).

The ALJ must determine at step four whether the impairment prevents the claimant from returning to the work that the claimant performed in the past. Id. at § 404.1520(a)(4)(iv).

6

The claimant, if able to resume the former occupation, will not be considered disabled. Id. If the claimant cannot resume previous work, the ALJ moves to step five and considers the claimant's ability to perform other work that is available in the national economy. Id. at §§ 404.1520(a)(4)(v), 404.1520(e). This inquiry requires the ALJ to consider the claimant's residual functional capacity ("RFC"), age, education, and past work experience. Id. A claimant will be found disabled if the claimant is unable to adjust to any other work in the national economy. Id. at § 404.1520(g).

The claimant has the initial burden of production for the first four steps of the evaluation process. Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999). Once a claimant meets this burden, the burden shifts to the Commissioner in step five to show that the claimant has the transferable skills that would allow him or her to engage in alternative substantial gainful employment. Id.

**III. Analysis**

The plaintiff generally argues that the ALJ's findings are not supported by substantial evidence. (Pl. Br., at 5, 8.) Specifically, the plaintiff argues that the ALJ erred in failing to (1) "combine all of [plaintiff's] impairments and compare the totality of plaintiff's restrictions to the provisions of any of the Commissioner's Listings" at the third step of the evaluation

7

(id. at 9, 13), (2) "furnish any reason to conclude that plaintiff could perform the full range of physical demands of light work activity" (id. at 10), and (3) "provide a legal basis for his finding that plaintiff's inability to maintain attention and concentration for an extended period of time would not prevent plaintiff from performing her past relevant work." (Id. at 11-12.)

In determining whether a claimant is entitled to disability benefits, the ALJ "must consider all evidence and give some reason for discounting the evidence [the ALJ] rejects." Plummer, 186 F.3d at 429. The ALJ need not engage in a comprehensive analysis when explaining why probative evidence is being rejected. Cotter v. Harris, 650 F.2d 481, 482 (3d Cir. 1981). Rather, a short sentence or paragraph explaining the basis upon which the ALJ is rejecting evidence will suffice. Id. While the ALJ is not required to reference each and every treatment notation with particularity in the analysis, the ALJ must "consider and evaluate the medical evidence in the record consistent with [the] responsibilities under the regulations and case law." Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001). An ALJ "may choose whom to credit" when a conflict in the evidence exists, but may not "reject evidence for no reason or for the wrong reason." Plummer, 186 F.3d at 429. This policy allows the Court to properly review the ALJ's decision pursuant to Section 405(g) to determine whether the decision is supported

8

by substantial evidence. Cotter, 642 F.2d at 705. The Court, without an indication as to what evidence the ALJ considered or rejected, "cannot tell if significant probative evidence was credited or simply ignored." Id.

### A. The Sufficiency of the ALJ's Explanation at the Third Step of the Sequential Evaluation

The plaintiff asserts that this case must be remanded for a new hearing and decision because "no articulated basis has been offered for the finding at the third step of the sequential evaluation." (Pl. Br., at 16-17.) More specifically, plaintiff argues "[t]he ALJ did not discuss the medical equivalence in any manner whatsoever and certainly did not identify which elements were missing from which criteria of which listing. This conclusory statement cannot be the subject of any meaningful judicial review." (Id. at 14.)

The plaintiff's assertions are without merit because the ALJ considered the medical evidence and other appropriate factors in reaching his finding that plaintiff's impairments did not meet or medically equal any of the listings. In step three of the sequential analysis, "the ALJ must determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled." Pearson v. Barnhart, 380 F.Supp.2d

496, 504 (D.N.J. 2005). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five, where the ALJ "must determine whether the claimant retains the ability to perform either his former work or some less demanding employment." Id.

Plaintiff relies on Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112 (3d Cir. 2000), in which the Third Circuit held that "this Court requires the ALJ to set forth the reasons" for his or her decision. Id. at 118-19. The ALJ, however, is not required "to use particular language or adhere to a particular format in conducting his analysis." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004). Rather, the ALJ's findings need only provide "sufficient development of the record and explanation of findings to permit meaningful review." Id.

The ALJ's opinion here provided a thorough review of all of the medical records and a comprehensive discussion of the plaintiff's condition to create a sufficient basis for judicial review. The ALJ at step two found that plaintiff has "impairments which cause significant vocationally relevant limitations," but that none of them equaled a listing impairment.[1] (A.R. at 16-17.) With regard to step three of the analysis, the ALJ found:

---

[1] According to the ALJ, the evidence supported a finding that plaintiff has "degenerative disc disease, status post lumbar laminectomy, internal derangement of the right knee, status post arthroscopic surgery, right shoulder impingement and depression." (A.R. at 16.)

10

> The claimant has no impairment which meets the criteria
> of any of the listed impairments described in the
> Regulations (20 C.F.R. 404, Subpart P, Appendix 1).  No
> treating or examining physician has mentioned findings
> equivalent in severity to the criteria of any listed
> impairment.  Particular attention was given to listings
> 1.00 (musculoskeletal) and 12.00 (mental impairments).

(Id. at 17.)

In the subsequent parts of his analysis, the ALJ discussed the evidence relating to, inter alia: (1) the chiropractor's diagnosis of cervical sprain/strain and left brachial neuralgia, and lumbar disc bulges; (2) the note from plaintiff's neurologist indicating that she was unable to work; (3) the orthopedist's diagnosis of left shoulder pain and radicular pain due to a C5-6 injury; (4) the neurosurgeon's diagnosis of a herniated disc and severe degenerative disease at L5-S1 and recommendation that plaintiff is a possible candidate for spinal fusion; (5) the results from plaintiff's consultative psychiatric examination, psychiatric evaluation, and mental impairment questionnaire; and (6) plaintiff's torn lateral meniscus in her knee. (A.R. at 17-18.)  The ALJ also specifically identified the plaintiff's testimony and subjective allegations that he took into consideration.  (Id. at 19.)

Plaintiff's claim that the ALJ failed to articulate what evidence he relied upon in reaching his decision at step three is contradicted by the record.  The ALJ explained that he found the claimant's statements "to be not entirely credible."  (A.R. at

19.) He also explained that the opinions of plaintiff's treating physicians were not consistent with their own records and the medical evidence. (Id.) The ALJ rejected the findings of severe functional limitations by Ms. Kakstis because she was a psychiatric nurse and not a psychiatrist or psychologist, and her findings were contradicted by every other medical report, which only found plaintiff to have mild to moderate symptoms. (Id. at 20.) The ALJ could not properly evaluate the "short note" provided by Dr. Taboado, plaintiff's neurologist, indicating that the plaintiff was unable to work, because "no medical evidence was associated with this finding." (Id. at 19.)[2]

The ALJ also explained the evidence he relied upon in reaching his conclusion that plaintiff's impairments did not meet or medically equal one of the listed impairments. The ALJ relied upon the findings of the state agency medical consultants, who found plaintiff capable of performing light work with mild to moderate mental limitations. (Id.) Dr. Chiurco, the treating neurosurgeon, found that plaintiff was able to return to work

---

[2] Plaintiff does not challenge the ALJ's treatment of a particular doctor's report or findings. Regardless, the Court notes that opinions of treating physicians on the nature and severity of a plaintiff's impairments are given controlling weight only when they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and consistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2). An ALJ may only outright reject the medical judgment of a treating physician if the opinion is contradicted by medical evidence in the record, and must explain the decision to do so. Plummer, 186 F.3d at 429. Here, it appears that the ALJ's treatment of the doctors' reports and findings were proper.

within six months of surgery, and the ALJ gave "considerable weight" to this finding because it was consistent with medical evidence such as an MRI, CT scan, and myelogram reports.  (Id. at 19-20.)

The ALJ's review of the evidence was sufficiently thorough under the standard articulated in Burnett and Jones to warrant a finding that the plaintiff's condition did not match or medically equal any listing.  Plaintiff mischaracterizes the ALJ's findings and analysis when she likens them to the findings and analysis rejected by the Third Circuit as insufficient in Burnett. Whereas in Burnett the ALJ disregarded without acknowledgment or explanation the testimony of the claimant and objective medical diagnoses and reports, including one finding the claimant was "permanently and totally disabled," the ALJ here discussed the material medical evidence and testimony, as the aforementioned excerpts from the record demonstrate.  (A.R. at 17-21); Burnett, 220 F.3d at 119-22.

Plaintiff's argument that the ALJ's analysis is deficient because he failed to analyze the evidence against each relevant listing is also without merit because the ALJ considered the listings in 1.00 (muskoskeletal) and 12.00 (mental impairments). (A.R. at 17.)  The ALJ was not required to go into more detail concerning particular subsections of those listings because, as plaintiff acknowledges, the ALJ is not required to identify

13

specific listings in his analysis. Jones, 364 F.3d at 505. Moreover, plaintiff did not introduce any medical evidence, other than that properly rejected by the ALJ, to support her claims that her impairments satisfied the conditions of listings 1.03 ("Reconstructive surgery or surgical arthrodesis of a major weight bearing joint"), 1.04 ("Disorders of the spine"), 12.02 ("Organic medical disorders"), or 12.04 ("Affective disorders"). (Pl. Br., at 17.)

The Court concludes that the ALJ's determination that the plaintiff's impairments did not meet or medically equal one of the listed impairments is supported by substantial evidence. The ALJ examined the available medical and testimonial evidence, including the plaintiff's testimony and that of state agency physicians. Any arguments to the contrary advanced by plaintiff are not supported by the record.

**B.     Sufficiency of the ALJ's RFC Assessment at Step Four**

The plaintiff contends that the ALJ did not adequately explain the basis for the light work RFC determination. More specifically, plaintiff argues the ALJ failed to compare the light work RFC with the physical and mental demands of plaintiff's past relevant work as a cleaning crew supervisor and therefore did not provide the necessary explanation for the determination. (Id. at 22, 24.) The Court disagrees, based on its findings that the decision of the ALJ (1) that the

plaintiff's RFC was light work was supported by substantial evidence and (2) explained why the ALJ rejected the plaintiff's medical evidence and testimony.

The ALJ concluded that plaintiff retains the capacity to perform the requirements of light work:

> the exertional demands of which involve lifting no more than 20 pounds at a time with frequent lifting or carrying of objects up to 10 pounds, and which requires a good deal of walking, standing and sitting. The evidence supports a finding that the claimant retains the residual functioning capacity to lift and carry up to 20 pounds occasionally, ten pounds on a regular basis, and can sit, stand or walk for up to six hours of an eight hour day.

(Id. at 20.) Based on her RFC, the ALJ concluded that plaintiff retains the capacity to return to her more recent work before the accident causing her injuries, which was a cleaning crew supervisor. (Id.) The ALJ found that this job is similar to the position of "cleaner, housekeeping" in the Dictionary of Occupational Titles, 23.687-014, and is rated as light, unskilled work. (Id.) The ALJ concluded that plaintiff did not have an impairment that precluded her from performing this work, because she had the capacity to do light work, and in her testimony explained that her most recent work as a cleaning crew supervisor was performed at the light level. (Id.)

The Court concludes that the ALJ's determination was supported by substantial evidence in the record. Dr. Golish, one of the state agency medical consultants, assessed that plaintiff

15

could perform the physical requirements of light work. (Id. at 209.) Dr. Chiurco confirmed that plaintiff would be able to return to work approximately six weeks after her back surgery. (Id. at 204.) Two neurologists observed that plaintiff had full muscle strength. (Id. at 167, 206.) Dr. Buceta, a consultative psychiatrist, assessed that plaintiff only had mild symptoms and some difficulty in occupational functioning. (Id. at 164.) The findings of the state agency psychological consultants supported Dr. Buceta's conclusion. (Id. at 192.) The Court finds that the ALJ's RFC of light work is consistent with these medical findings. (Id. at 19.)

    Plaintiff's argument that the ALJ erred in failing to take her inability to maintain attention and concentration into account when determining that she could return to work as a cleaning supervisor is without merit. (Pl. Br., at 23.) Plaintiff did not present any evidence that her inability to maintain attention or concentration precluded her from returning to work in cleaning. See Barnhart v. Thomas, 540 U.S. 20, 25 (2003) (noting that plaintiff must demonstrate inability to perform past relevant work); Plummer, 186 F.3d at 428 (holding that claimant has the burden of production for the first four steps of the evaluation process). The medical evidence relied upon by the ALJ supported his contention that plaintiff's mental impairments did not preclude her from returning to light work as

16

a cleaning supervisor.  The Court concludes that the ALJ's determination that the plaintiff maintained the RFC to perform light work and that she was able to return to her most recent work as a cleaning supervisor is supported by substantial evidence.

## CONCLUSION

The Court, finding that the Commissioner's decision was supported by substantial evidence, will therefore affirm the Commissioner's denial of the plaintiff's claim.  The Court will issue an appropriate order.

 s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge